

FILED ___ ENTERED ___ RECEIVED ___ SERVED ON COUNSEL/PARTIES OF RECORD
FEB 29 2012
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

DANIEL G. BOGDEN
United States Attorney

DENIS J. MCINERNEY
Chief, Fraud Section, Criminal Division
U.S. Department of Justice

CHARLES LA BELLA
Deputy Chief, Fraud Section, Criminal Division
U.S. Department of Justice

BRIAN R. YOUNG
Trial Attorney, Fraud Section, Criminal Division
1400 New York Avenue, NW
Washington, DC 20530
(202) 616-3114

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> VS. <br> EARL GROSS, <br> Defendant. | CRIMINAL INDICTMENT <br> 2:12-CR-_066_ <br> VIOLATIONS: <br> 18 U.S.C. § 1344(1) and (2)- Bank Fraud <br> 18 U.S.C. § 1014 - False Statement to Financial Institution <br> 18 U.S.C. § 982(a)(2), 21 U.S.C. § 853(p) - Forfeiture |

**THE GRAND JURY CHARGES THAT:**

### INTRODUCTION

At all relevant times:

1. A mortgage-backed security was an investment instrument that consisted of pools of mortgage loans. Investors in mortgage-backed securities had no contact with the individual borrowers who obtained the mortgage loans that comprised the securities.

1  Instead, investors appointed trustees to hold legal title to the mortgages and represent their interests. The trustees hired firms or entities known as "loan servicers" to collect the payments from the borrowers and transmit the payments and reports concerning the payments to the trustees. Because of the sheer number of loan servicers involved in a mortgage-backed security, trustees hired firms or entities known as "master servicers" to receive the payments and reports from the loan servicers, analyze the reports, and to tranmit the payments and information to the trustees.

2. When a loan servicer received a payoff for a mortgage, that is, a payment for the entire amount of the mortgage, the loan servicer was required to transfer the payment and report about the payoff to the master servicer, which in turn was required to transfer the payoff and report to the trustee.

3. U.S. Mortgage was a Nevada corporation and a loan servicer for hundreds of loans. Wells Fargo Bank, a federally insured financial institution, was a master servicer that received payments and reports from U.S. Mortgage. U.S. Mortgage deposited the payments it collected as a loan servicer into its bank account at U.S. Bank, a federally insured financial institution, and transferred and was required to transfer those payments to Wells Fargo Bank.

4. At all relevant times, defendant Earl Gross was the president and chief executive officer of U.S. Mortgage. As of November 30, 2006, U.S. Mortgage reported that it serviced 190 loans with unpaid principal balances of approximately $22 million.

## COUNT ONE
### Bank Fraud

5. Paragraphs 1 through 4 of this Indictment are re-alleged and incorporated herein as if set forth in full.

6. From in or about September 2004, to in or about December 2006, in the State and Federal District of Nevada and elsewhere,

**EARL GROSS,**

defendant herein, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud Wells Fargo Bank by means of materially false and fraudulent pretenses, representations, and promises, and material omissions.

7. It was part of the scheme and artifice that the defendant knowingly and intentionally failed to transfer from U.S. Mortgage to Wells Fargo Bank loan payoffs that U.S. Mortgage had collected as a loan servicer and falsely and fraudulently reported to Wells Fargo Bank that U.S. Mortgage was continuing to receive monthly payments for loans that had been paid off. The defendant did this by, among other things, transferring to Wells Fargo Bank monthly payments for non-existing loans and falsely reporting that the borrower was continuing to make monthly payments.

8. It was further part of the scheme and artifice that the defendant spent and caused to be spent the loan payoffs that he kept for unauthorized purposes.

9. The loans for which the defendant failed to transmit payoffs and submitted false reports to Well Fargo Bank and the approximate dates of the failure to transmit the payoffs and submission of the reports are set forth below:

| U.S. Mortgage Loan Number | Wells Fargo Loan Number. | Date |
|---|---|---|
| LU-500258 | 1000119611 | 2/4/2005 |
| LU-500457 | 1000122699 | 2/28/2005 |
| LU-500571 | 1000124710 | 2/14/2005 |
| LU-500609 | 1000125596 | 2/28/2005 |
| LU-500698 | 1000129313 | 1/13/2005 |

All in violation of Title 18, United States Code, Section 1344(1).

. . .

. . .

. . .

## COUNT TWO
### Bank Fraud

10. Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated herein as if set forth in full.

11. From in our about September 2004, to in or about December 2006, in the State and Federal District of Nevada and elsewhere,

**EARL GROSS,**

defendant herein, did knowingly and intentionally devise and intend to devise a scheme and artifice to obtain money, funds, assets, and property owned by and under the custody and control of U.S Bank, by means of material false and fraudulent pretenses, representations and promises, and material omissions to Wells Fargo Bank.

12. It was part of the scheme and artifice that the defendant deposited loan payoff amounts in U.S. Mortgage's account at U.S. Bank; submitted to Wells Fargo Bank what would have been the borrower's monthly payment; and falsely reported to Wells Fargo Bank that the borrower was continuing to make monthly payments. From in or around January of 2005 and continuing through at least February of 2005, the defendant spent these loan payoff proceeds by making withdrawals from U.S. Mortgage's account at U.S. Bank. The loans for which the defendant concealed loan payoffs and retained these funds, as well as the approximate dates of the failure to remit the loan proceeds, are set forth below:

| U.S. Mortgage Loan Number | Wells Fargo Loan Number | Date |
|---|---|---|
| LU-500258 | 1000119611 | 2/4/2005 |
| LU-500457 | 1000122699 | 2/28/2005 |
| LU-500571 | 1000124710 | 2/14/2005 |
| LU-500609 | 1000125596 | 2/28/2005 |
| LU-500698 | 1000129313 | 1/13/2005 |

All in violation of Title 18, United States Code, Section 1344(2).

## COUNT THREE
### False Statement to Financial Institution

13. Paragraphs 1-12 of this Indictment are re-alleged and incorporated herein as if set forth in full.

14. On or about April 2, 2005, in the State and Federal District of Nevada and elsewhere,

**EARL GROSS,**

defendant herein, did knowingly make a materially false statement and report for the purpose of influencing Wells Fargo Bank, upon U.S. Mortgage's commitment to remit loan payoffs to Wells Fargo Bank, that is, the defendant submitted and caused U.S. Mortgage to submit to Wells Fargo Bank a materially false and fraudulent report that represented that the borrowers for the five loans identified below were continuing to make monthly payments on the loans when the defendant then and there well knew that the borrowers had paid off the loans and submitted the payoff amounts to U.S. Mortgage on or about the approximate dates set forth below:

| U.S. Mortgage Loan Number | Wells Fargo Loan Number. | Date |
|---|---|---|
| LU-500258 | 1000119611 | 2/4/2005 |
| LU-500457 | 1000122699 | 2/28/2005 |
| LU-500571 | 1000124710 | 2/14/2005 |
| LU-500609 | 1000125596 | 2/28/2005 |
| LU-500698 | 1000129313 | 1/13/2005 |

All in violation of Title 18, United States Code, Section 1014.

. . .

. . .

. . .

. . .

. . .

## FORFEITURE ALLEGATION ONE
(Bank Fraud)

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the felony offense charged in Counts One and Two of this Indictment,

**EARL GROSS,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1344, or a conspiracy to commit such an offense, an in personam criminal forfeiture money judgment of $8,440,439.00 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an in personam criminal forfeiture money judgment of $8,440,439.00 in United States Currency.

. . .

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1344; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION TWO
(Bank Fraud)

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the felony offenses charged in Counts One and Two of this Indictment,

**EARL GROSS,**

defendant herein, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of violations of Title 18, United States Code, Section 1344, or a conspiracy to commit such an offense, or any property traceable to such property, an in personam criminal forfeiture money judgment of $8,440,439.00 in United States Currency.

3. If any property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

. . .

. . .

1  it is the intent of the United States of America, pursuant to Title 21, United States Code,
2  Section 853(p), to seek forfeiture of any properties of the defendant for an in personam
3  criminal forfeiture money judgment of $8,440,439.00 in United States Currency.
4  All pursuant to Title 18, United States Code, Section 982(a)(2)(A); Title 18, United
5  States Code, Section 1344; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION THREE
(False Statement to a Financial Institution)

1. The allegations contained in Count Three of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the felony offense charged in Count Three of this Indictment,

**EARL GROSS,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1014, or a conspiracy to commit such an offense, an in personam criminal forfeiture money judgment of $8,440,439.00 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or

. . .

       e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an in personam criminal forfeiture money judgment of $8,440,439.00 in United States Currency.

      All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1014; and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION FOUR
(False Statement to a Financial Institution)

    1.    The allegations contained in Count Three of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

    2.    Upon conviction of the felony offenses charged in Count Three of this Indictment,

**EARL GROSS,**

defendant herein, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of violations of Title 18, United States Code, Section 1014, or a conspiracy to commit such an offense, or any property traceable to such property, an in personam criminal forfeiture money judgment of $8,440,439.00 in United States Currency.

    3.    If any property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant -

       a. cannot be located upon the exercise of due diligence;

       b. has been transferred or sold to, or deposited with, a third party;

       c. has been placed beyond the jurisdiction of the court;

        d. has been substantially diminished in value; or

        e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an in personam criminal forfeiture money judgment of $8,440,439.00 in United States Currency.

    All pursuant to Title 18, United States Code, Section 982(a)(2)(A); Title 18, United States Code, Section 1014; and Title 21, United States Code, Section 853(p).

    **DATED**: this 29th day of February 2012.

    **A TRUE BILL:**

                                        /s/
                              FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney

DENIS J. MCINERNEY
Chief, Fraud Section, Criminal Division
U.S. Department of Justice

CHARLES LA BELLA
Deputy Chief, Fraud Section, Criminal Division
U.S. Department of Justice

*[signature]*
BRIAN R. YOUNG
Trial Attorney, Fraud Section, Criminal Division
U.S. Department of Justice